O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIA SOSA, | ) | CASE NO. CV 07-07249 (RZ) |
|       Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) | |
|       Defendant. | ) | |

        Plaintiff filed this action on November 5, 2007, seeking review of the Defendant's decision denying her application for Social Security disability benefits.  In an earlier action, the Court had remanded a prior adverse decision for further proceedings.  *Sosa v. Barnhart*, CV 03-4014-RZ (Judgment entered October 26, 2004).  Upon remand, the Commissioner again denied Plaintiff's application for benefits, and Plaintiff timely sought review by the present action.

        All that Plaintiff has done, however, is to file her Complaint.  This Court's case management order, issued at the outset of the case, required Plaintiff to file a memorandum in support of her Complaint within thirty days after the Defendant filed his Answer and the Administrative Record.  Defendant filed those documents on March 18, 2008, but Plaintiff filed no memorandum.  The Court approved a stipulation extending Plaintiff's time to file her memorandum, giving Plaintiff until June 16, 2008 to file, but

1  nothing was forthcoming.  On June 24, 2008, the Court issued an Order to Show Cause, 2 requiring Plaintiff to show cause within twenty days why the action should not be 3 dismissed for failure to prosecute.  The Order noted that a failure to file a written objection 4 to dismissal would be deemed a consent to the dismissal, and also provided that the filing 5 of the required memorandum within twenty days would discharge the Order to Show 6 Cause.  Plaintiff filed nothing, however, and still has filed nothing, a month past the 7 deadline.

        Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for failure to prosecute, and Local Rule 41-1 provides that civil actions which have been pending for an unreasonable length of time without activity may be dismissed for failure to prosecute.  District courts have inherent power to control their dockets and can, in appropriate circumstances, impose the sanction of dismissal.  *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990).  While the Court normally would consider other, lesser sanctions than dismissal, *see, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), such sanctions are meaningless here.  A monetary sanction, a limitation on issues, or a restriction on evidence are not salutary devices where Plaintiff does not proceed beyond the initial complaint.

        The Court is aware that, although Plaintiff was represented by counsel at the beginning of the action, she now represents herself.  The Court has taken that fact into consideration, and that is one of the reasons that the Court has waited an additional month beyond the period established in the Order to Show Cause.  Nevertheless, at some point Plaintiff's *pro se* status cannot excuse her failure to prosecute the action.

        In accordance with the foregoing, the action is dismissed.

DATED: August 13, 2008

*/s/ Ralph Zarefsky*
_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE